VIRGINIA:

IN THE CIRCUIT COURT FOR FRANKLIN COUNTY

GARY COLLINS, )
    PLAINTIFF )
  )
v. )
  ) Case No. CL21-4449
LOWE'S HOME IMPROVEMENT CENTERS, LLC, )
    1605 CURTIS BRIDGE ROAD )
    WILKESBORO, NC 28697 )
    <u>SERVE:</u> )
        CORPORATION SERVICE COMPANY )
        100 SHOCKOE SLIP FL 2 )
        RICHMOND, VA, 23219 – 4100 )
  )
D/B/A: LOWE'S AT 800 OLD FRANKLIN TPKE )
        ROCKY MOUNT, VA 24151 )
    STORE #2217 )
    DEFENDANT, )
  )
AND )
  )
JOHN DOE, EMPLOYEE OF LOWES STORE 2217 )

## COMPLAINT

COMES NOW the Plaintiff, GARY COLLINS ("Collins"), by and through undersigned counsel, and states in support of his Complaint as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of the Commonwealth of Virginia residing at 722 Jamestown Rd. Rocky Mount, VA 24151.

2. On information and belief, Defendant Lowes Home Centers, LLC ("Lowe's") is a North Carolina Corporation doing business in the Commonwealth of Virginia.


tabbies® EXHIBIT A

3. On information and belief, Defendant, John Doe, was an employee of Lowes STORE #2217.

4. The events described herein that form the basis of this action transpired in Rocky Mount, Virginia, located in the County of Franklin.

## STATEMENT OF CLAIM

5. That on or about December 30, 2019, Collins was shopping at the Lowe's Home Centers, LLC store located at 800 Old Franklin Turnpike, Rocky Mount, Virginia 24151.

6. That at all times hereto, Lowe's Home Centers, LLC was a North Carolina Limited Liability Company doing business in the Commonwealth of Virginia.

7. That at said time and place, Collins was standing near the check-out line near the registers located at the front of the store when, without warning and without any influence or interference from Collins, Collins was pushed and struck from behind by an employee, JOHN DOE, while this employee was pushing a large refrigerator on a dolly towards the front of the store. The employee then struck Collins a second time with the refrigerator.

8. That Collins suffered serious injuries as a result of the aforesaid event and continues to suffer to date.

9. That Lowe's had a duty to Collins and all other invitees and members of the public to use ordinary care and notwithstanding said duties, Lowes operated carelessly, recklessly, willfully, wantonly and negligently with a conscious disregard for others by failing to: a.) have the premises in a reasonably safe condition; b.) transport inventory in a safe manner; c.) train employees to adhere to safe practices with regards to moving pieces of inventory; d.) implement a system that ensures employees move merchandise safely; and e.) provide supervision of employees to avoid safety violations.

10. That Lowe's is liable under the doctrine of respondeat superior for the actions of John Doe as John Doe was acting as an employee of Lowe's within the scope of his employment at the time Collins was injured.

11. That John Doe had a duty to Collins and all other invitees and members of the public to use ordinary care and notwithstanding said duties, John Doe operated carelessly, recklessly, willfully, wantonly and negligently with a conscious disregard for others by a.) pushing a large and heavy refrigerator through an area where customers stand or walk without cordoning the area off; b.) not having another employee present to act as a lookout while John Doe pushed this large and heavy refrigerator through the aisle; c.) attempting to push an item that, due to its size, he had difficulty seeing over through an area that customers frequented; d.) striking Collins a second time with the same refrigerator after John Doe initially ran into Collins.

12. As a direct and proximate result of the above referenced negligence of Lowe's and John Doe, jointly and severally, the aforesaid accident occurred and the Plaintiff, Gary Collins, has sustained the following damages: serious and permanent injuries, physical pain and mental anguish, including past, present, and which he may be reasonably expected to suffer in the future; inconvenience and inability to transact affairs and enjoy life and leisure, including past, present, and that he may be reasonably expected to suffer in the future; medical expenses, including past, present, and that which he may reasonably be expected to suffer in the future; has sustained permanent disability, deformity and loss of earning capacity; and he has otherwise been damaged.

## JURY DEMANDED

13. Plaintiff hereby demands a trial by jury in the above captioned case. WHEREFORE, the premises considered, Plaintiff moves this Honorable Court for judgment against the

defendant(s) in the sum of Seven Hundred Sixty Thousand and Five Hundred Dollars ($760,500) in compensatory damages and One Hundred and Fifty Thousand Dollars ($150,000) in punitive damages and his costs expended in this action, all with interest as allowed by law.

Respectfully Submitted,

BY *[signature]*

&

*[signature]*

Of Counsel

Sherry Q. Scott, Esq.
Law Office of Sherry Q. Scott, P.L.C.
65 East Court St.
Rocky Mount, VA 24151
Office: (540) 265-7059
Fax: (540) 266-3143
Va State Bar #: 96271

AND

Joseph D'Arezzo
Resolution Law P.L.L.C
92 Jenny Ct.
Strasburg, VA 22657
Office: (540) 465-2101
Va State Bar #: 95751
    *Counsel for Plaintiff*